## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALPINE BUSINESS GROUP, INC.,** | **Civil Action Number: 2:10-4850** |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **AMBER SABATHIA, TWENTY ONES, INC. d/b/a 40/40 CLUB, and MATTHEW WALLWORK,** | **HON. WILLIAM J. MARTINI** |
| **Defendants.** | |

## OPINION

This is an action for copyright infringement and related state law claims. For the reasons elaborated below, the Court will **GRANT** in part, and **DENY** in part Defendants' Motion to Dismiss the Amended Complaint or Transfer Venue. The Court will order the **TRANSFER** of this action to the United States District Court for the Southern District of New York. All other relief sought by Defendants will be **DENIED**. Plaintiff's cross-motion to file a second amended complaint will be **DENIED** without prejudice.

## I.    BACKGROUND

Plaintiff Alpine alleges that it produced sample or mock up birthday invitations as requested by Defendants Matthew Wallwork and Amber Sabathia. Apparently, the Defendants rejected the samples and indicated that they would make use of a competitor's product. Notwithstanding the purported rejection, Plaintiff alleges that Defendants made use of Alpine's birthday invitations, inviting people to CC Sabathia's birthday party, in violation of federal copyright law and related state law causes of action.

## II.   STANDARD OF REVIEW

The venue statute, 28 U.S.C. § 1391(b), provides "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, *if all defendants reside in the same State*, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *Id*. (emphasis added). In the context of a motion to dismiss, the burden is on the defendant to establish improper venue. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).

The transfer statute, 28 U.S.C. § 1404(a), provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden of justifying a transfer is on the moving party. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973).

## III.   DISCUSSION

Defendants assert that venue is improper. Plaintiff responds that venue is proper under Section 1391(b)(1) because all three of the named Defendants "reside" in New Jersey. However, both the Amended Complaint (¶ 6) and the Proposed Second Amended Complaint (¶ 6) allege that Defendant Wallwork resides in New York. Instead, of alleging that Wallwork has a New Jersey residence, Plaintiff merely alleges that Wallwork has New Jersey contacts in connection with work. In these circumstances, where not all Defendants reside in the same state, venue under Section 1391(b)(1) is inapplicable. Furthermore, Plaintiff makes no argument that venue in the District of New Jersey is proper under any other subprovision of the venue statute. It appears that Defendants have met their burden in regard to improper venue.

Defendants argue that venue is appropriate in the Southern District of New York, that is, the Southern District is a district "where the [matter] might have been brought," 28 U.S.C. § 1404(a), because a "substantial part of the events . . . giving rise to the claim occurred" in that district, 28 U.S.C. § 1391(b)(2). Plaintiff fails to meaningfully respond to Defendants' argument. On this issue, Plaintiff's brief cites no legal authority – no statute, no case law, no rule, and no common law doctrine. An unsupported position is considered waived or abandoned. *Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."); *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (holding that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived).

Defendants also seek dismissal on the merits. It would be premature to decide those issues, as Plaintiff has moved to file a Second Amended Complaint. As a matter of comity, this Court leaves the decision to allow Plaintiff to file a Second Amended Complaint and any decision in regard to Defendants' Rule 12(b)(6) defenses to the transferee court.

## IV.   CONCLUSIONS

For the foregoing reasons, Defendants' Motion to Dismiss the Amended Complaint or Transfer Venue is **GRANTED** in part, and **DENIED** in part. The Court orders the **TRANSFER** of this action to the United States District Court for the Southern District of New York. All other relief sought by Defendants is **DENIED**. Plaintiff's cross-motion to file a second amended complaint is **DENIED** without prejudice.

s/ William J. Martini

**DATE: February 10, 2010**                    **William J. Martini, U.S.D.J.**